IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRIN WHITE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 3:05-0164 |
| | : | (JUDGE KOSIK) |
| JAMES L. GRACE and | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

Before the court is petitioner, Darrin White's ("Petitioner") objections (Doc. 11) to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt filed on May 2, 2005.  (Doc. 10).  For the reasons which follow, we will decline to adopt the Report and Recommendation of the Magistrate Judge and dismiss the amended petition without prejudice.

**I.    BACKGROUND**

Petitioner was transferred from SCI Huntingdon to SCI Somerset on October 5, 2004.  *See* Petitioner's Objections at ¶ 3 and 5.  SCI Huntingdon is located within the Middle District of Pennsylvania. SCI Somerset is located within the Western District of Pennsylvania.  Petitioner signed the petition for writ of habeas corpus on October 10, 2004, challenging the Pennsylvania Board of Probation and Parole's decision to deny parole. Petitioner listed James L. Grace,

Superintendent at SCI Huntingdon, and the Pennsylvania Board of Probation and Parole as respondents. Mr. White filed the petition in the United States District Court for the Eastern District of Pennsylvania because he believed that respondent, Pennsylvania Board of Probation and Parole's Harrisburg office was located in the Eastern District. *See* Petitioner's Objections at ¶ 2.

On December 13, 2004, Judge Thomas N. O'Neill, Jr. of the Eastern District entered an order adopting the Report and Recommendation of Magistrate Judge Diane M. Welsh and transfered the case to the Middle District. Magistrate Judge Welsh based her recommendation upon the mistaken belief that Petitioner was being held at SCI Huntingdon.[1] The transfer was docketed with this court on January 24, 2005. This court entered one prior order in the case. On March 30, 2005 we granted Petitioner's motion for leave to file an amendment to the habeas petition. (Doc. 7). Mr. White filed an amended petition on April 15, 2005. (Doc. 8). We have not ordered the respondents to answer or otherwise plead to the amended petition.

On May 2, 2005, Magistrate Judge Blewitt filed a Report and Recommendation in which he determined that Petitioner was held within the

---

[1] *See* Report and Recommendation filed November 29, 2004 at footnote 1. The Eastern District docket number for this petition is 04-cv-4870. Magistrate Judge Welsh's confusion is understandable given that portions of Petitioner's habeas petition indicate that he is confined at SCI Huntington. Moreover, the docket for the Eastern District case provides Petitioner's address as SCI Huntingdon, with the street address for SCI Somerset. The Middle District docket bears the same incorrect address for Petitioner.

2

Western District at all times during the pendency of this petition. Magistrate Judge Blewitt noted that Petitioner signed the instant habeas petition on October 10, 2004, after he had been transferred from SCI Huntingdon, within the Middle District of Pennsylvania, to SCI Somerset, in the Western District of Pennsylvania. He concluded that venue is properly found in the Western District and that this matter should be transferred to that district court.

## II.     STANDARD OF REVIEW

### A.     Review Of Report And Recommendation

A party may object to the Report and Recommendation of a Magistrate Judge within ten days after service of the Report. Local Rule 72.3. When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Preliminary Review Of Habeas Petitions

Rule 4 of the Rules Governing Section 2254 Cases provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . .." *Id.* If the petition is not dismissed, "the judge must order the respondent to file an answer or to otherwise plead to the petition." *Id.* The Third Circuit has held that a district judge retains the power to dismiss a petition for procedural errors *sua sponte* even after the respondent has answered or otherwise filed a responsive pleading. *See Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004) (distinguishing Third Circuit from other circuits that hold court's power to dismiss petition *sua sponte* under Rule 4 expires when district court orders respondent to answer or otherwise plead).

## III. DISCUSSION

### A. Petitioner's Objections

Petitioner's objections consist of seven paragraphs. Essentially, Petitioner asserts the following four challenges to the Report and Recommendation: (1) venue in the Middle District is appropriate, "because the claims that the petitioner seek relief occured [sic] at Huntingdon" (Petitioner's Objections at ¶ 2); (2) the case should not be transferred to the Western District because the petition was appropriately brought before this court pursuant to the venue provisions codified in 28 U.S.C. § 1391(b) (Petitioner's Objections at ¶ 2);

(3) Petitioner gave the petition to SCI Huntingdon officials prior to his transfer and, therefore, the matter should be deemed to have been properly filed in the Middle District prior to his transfer to the facility lying within the Western District (Petitioner's Objections at ¶ 3 and 4); and, (4) transferring the case to the Western District is not in the best interest of the parties or the court. (Petitioner's Objections at ¶ 5 and 6). Petitioner's objections are misplaced.

### B.  Habeas Corpus Jurisdiction - The Immediate Custodian Rule

The Supreme Court opinion of *Rumsfeld v. Padilla*, 124 S.Ct. 2711 (2004), recently clarified many jurisdictional issues unique to habeas corpus petitions.[2] In *Padilla*, accused terrorist Jose Padilla was initially detained in federal custody in New York pursuant to a warrant issued by the United States District Court for the Southern District of New York. *Id.* at 2715. The President subsequently issued an order to the Secretary of Defense designating Padilla as an enemy combatant and directing the Secretary to detain him in military custody. Padilla was then transferred to a naval brig in South Carolina. After his transfer, Padilla filed a federal habeas petition in the Southern District of New York against President Bush, Secretary Rumsfeld, and Melanie Marr, Commander of the

---

[2] "Jurisdiction" is capable of different interpretations and is employed with distinct meanings depending on the issue at hand. The Supreme Court noted this in *Padilla*. *Id.* at n.7. In this instance the word is not employed to signify subject-matter jurisdiction, but rather the more general connotation found in the habeas statute itself, 28 U.S.C. § 2241(a).

Consolidated Naval Brig. The Government moved to dismiss, asserting that Commander Marr, as the petitioner's immediate custodian, was the only proper respondent, and that the Southern District lacked jurisdiction over Commander Marr. *Id.* at 2716. On appeal from the Second Circuit, the Supreme Court held that the Southern District of New York lacked jurisdiction to hear the habeas petition and remanded the matter for entry of an order of dismissal without prejudice. *Id.* at 2727. Specifically, the Court held that Commander Marr, and not Secretary Rumsfeld, was the proper respondent under the habeas statute, and that the Southern District never acquired jurisdiction over Padilla's petition due to the fact that Padilla had been transferred out of the district prior to its being filed. *Id.* at 2721.

The Chief Justice's majority opinion reaffirmed the established "immediate custodian" and "district of confinement" rules by holding that, in general, a habeas petition must be brought against the petitioner's immediate custodian in the federal district within which the petitioner's custodian lies. *Id.* at 2717-18. The habeas statute "straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Id.* at 2717, citing 28 U.S.C. § 2242 (other citations omitted). The habeas provisions "contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient

6

reason is shown to the contrary." *Id.* (emphasis in original) (internal quotations and citations omitted).

Significantly, habeas jurisdiction, is not equivalent to general personal jurisdiction. The former is defined by a district court's geographic territory, while the latter is dependent upon a defendant's presence in, or minimum contacts with, a particular state. The majority opinion explained, "[i]n habeas challenges to *present* physical confinement, . . . the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent. This is because, as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody." *Padilla*, 124 S.Ct. at 2723 (emphasis in original).

Narrow exceptions to the immediate custodian rule do exist. As the Supreme Court noted in *Padilla*, the immediate custodian rule does not apply when a prisoner is transferred out of a judicial district *after* he has filed a petition for writ of habeas corpus with the district court. *Padilla*, 124 S.Ct. at 2721, citing *Ex parte Endo*, 323 U.S. 283, 65 S.Ct. 208 (1944). In such an instance, the district court in which the petition was filed retains jurisdiction over the case despite the fact that the prisoner, and his immediate custodian, lie in another federal district. *Id.* The Chief Justice's opinion distinguished the situation presented in *Padilla* from the *Endo* rule by noting that the *Padilla* petitioner filed the habeas petition after he was transferred to a facility within the territorial

7

jurisdiction of another district court. *Id.* at 2727. The Supreme Court held that the petition filed after a transfer to another district should be dismissed without prejudice when it is filed in the district within which the petitioner used to be held. *Id.*

### C.     Middle District Does Not Have Jurisdiction

At all times relevant to the instant petition for writ of habeas corpus, Petitioner was held by the Commonwealth in a facility within the territorial jurisdiction of the Western District of Pennsylvania. Petitioner argues in his objections that he gave the petition to officials at SCI Huntingdon on October 3, 2004, two days prior to his transfer to SCI Somerset. *See* Petitioner's Objections at 3. A review of the petition itself, however, indicates that it was signed and dated by Petitioner on October 10, 2004, five days after he claims he was transferred to SCI Somerset. Moreover, Petitioner's handwritten Proof of Service, dated October 10, 2004, reveals that Petitioner was transferred to SCI Somerset prior to his filing the habeas petition. The Proof of Service provides Petitioner's address as Huntingdon, Pennsylvania. That address, however, is crossed out and an address in Somerset is written to its right. To the left of the Huntingdon address Petitioner wrote, "as of 10-5-04." His signature appears below the addresses.[3] The habeas petition and the Proof of Service establish that

---

3

The Proof of Service is found within the paper file transferred from the Eastern District. The document, however, was not docketed by the Clerk of Court for the

8

Petitioner was confined at SCI Somerset, within the Western District, at the time he filed the habeas petition at issue.  Petitioner was not confined within the Middle District at any time during the pendency of this action.

The proper habeas respondent is the "person who has the *immediate custody* of [Petitioner]."  *Padilla*, 124 S.Ct. 2717.  In this case, the habeas petition should have named the warden at SCI Somerset as the respondent and could only have been filed in the Western District.  Had Petitioner been confined within the Middle District at the time he signed the habeas petition and handed it to prison officials on October 10, 2004, we would have retained jurisdiction despite any subsequent transfer.  *Padilla*, 124 S.Ct. at 2721, citing *Endo*, 65 S.Ct. 208.  The facts of Petitioner's confinement, as established by the addresses and dates found on the petition filed in the Eastern District, preclude any such option.  Rather, Rule 4 mandates that we dismiss the amended petition as it plainly appears that Petitioner has no action against respondents, James L. Grace and the Pennsylvania Board of Probation and Parole.  *See* Rule 4 of the Rules Governing Section 2254 Cases; *see also Padilla*, 124 S.Ct. at 2717-18. (reaffirming "immediate custodian" and "district of confinement" rules, holding a habeas petition generally only brought in district within which the petitioner's

---

Eastern District.

custodian lies).[4]

## IV. CONCLUSION

Petitioner was confined at SCI Somerset, within the geographic confines of the Western District of Pennsylvania, at all times since filing his habeas petition on October 10, 2004. Nonetheless, he filed the habeas petition in the Eastern District, naming two respondents residing within the Middle District. The immediate custodian and district of confinement rules, as reaffirmed recently by the Supreme Court in *Padilla v. Rumsfeld*, require that a habeas petition be filed against the petitioner's current custodian in the federal district court that encompasses the facility where the petitioner is being held. *Padilla,* 124 S.Ct. at 2717-18. It plainly appears from the petition, that Petitioner is not entitled to relief from the named respondents in this District Court. Accordingly, Rule 4 of the Rules Governing Section 2254 Cases directs that we dismiss the amended

---

[4]
    We are reticent to dismiss Petitioner's amended petition nearly eight months after he initially filed a petition for writ of habeas corpus in the Eastern District. After dismissing the incorrectly named respondents, however, no action remains to transfer to the Western District as the Magistrate Judge recommended. Even if Petitioner had named the correct respondent, the warden at SCI Somerset, and filed the petition in this court (or any district court other than the District Court for the Western District of Pennsylvania) we would have lacked jurisdiction over the matter and been without the power to transfer the petition. In that instance, we would be constrained to take any action other than dismissing the petition for want of jurisdiction. *Padilla*, 124 S.Ct. at 2727 (holding, generally, petition filed in district other than one within which the prisoner confined is to be dismissed without prejudice).

petition without prejudice.[5]

---

[5] We are cognizant that Petitioner may face a limitations issue upon filing a subsequent petition in the appropriate district court. While we make no determination of the issue not presented here, it may well be that any applicable limitations period would have been be equitably tolled by the filing of the petition on October 10, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRIN WHITE,                           :
                                        :
    Petitioner,                         :
                                        :
    vs.                                 : CIVIL ACTION NO. 3:05-0164
                                        : (JUDGE KOSIK)
                                        :
JAMES L. GRACE and                      :
PENNSYLVANIA BOARD OF                   :
PROBATION AND PAROLE,                   :
                                        :
    Respondents.                        :

## **ORDER**

AND NOW, this 31st day of MAY 2005, IT IS HEREBY ORDERED THAT:

[1] we decline to adopt the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated May 2, 2005 (Doc. 10);

[2] Petitioner's amended petition for writ of habeas corpus (Doc. 8) is dismissed without prejudice;

[3] the Clerk of Court is directed to close this case and forward a copy of this Memorandum and Order to United States Magistrate Judge Thomas M. Blewitt.

                                                                 s/Edwin M. Kosik
                                                                  United States District Judge